UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x
                                                 :
JOSE SILVA,                                      :
                                                 :        07 Civ. 02175 (TPG)
                              Petitioner,        :        09 Civ. 07244 (TPG)
                                                 :
          – against –                            :        **OPINION**
                                                 :
UNITED STATES OF AMERICA,                        :
                                                 :
                              Respondent.        :
                                                 :
------------------------------------------------x

The court addresses two habeas motions under 28 U.S.C. § 2255,
filed by petitioner Jose Silva.  The first, originally filed in 2007, is before
the court on a remand from the Court of Appeals.  The second was filed
on August 17, 2009 with the title, "Petition to Enforce a Contract
Pursuant to The Title 42 U.S.C. §1981(A)," which the court construes as
petitioner's second § 2255 motion.

The first motion is denied, after complying with the appellate
directions.  The second motion is transferred to the Court of Appeals for
an assessment of certification pursuant to 28 U.S.C. § 2244(b).

## Background

On January 7, 2004, petitioner entered a guilty plea to one count
of conspiracy and one substantive count related to narcotics distribution.
On May 28, 2004, petitioner was sentenced to 87 months in prison—the
minimum sentence within the Guidelines range—and three years'
supervised release.

Petitioner appealed and retained Jorge De Jesus Guttlein to represent him going forward.  The Court of Appeals remanded the case pursuant to United States v. Crosby, 397 F.3d 103 (2d Cir. 2005).  The purpose of the remand was to determine whether petitioner should be re-sentenced under the new controlling decisions.  On March 9, 2006, the district court ruled that there was no reason to re-sentence petitioner.

On March 28, 2006, petitioner wrote the court directly to request reconsideration of the court's decision on remand.  Petitioner noted that he had contacted the court "[i]n spite of my attorney Jorge Guttlein's protestations."  He also alluded to a previous unfiled letter and asked for a new court-appointed attorney, which would have been his second appointed lawyer and his fourth attorney overall since the case began. On March 31, 2006, the court denied petitioner's application.  Petitioner did not appeal this determination or the court's refusal to resentence him in light of Crosby.

Instead, on March 30, 2007, petitioner filed his first § 2255 motion, seeking to vacate or correct his sentence.  Petitioner's primary claim was ineffective assistance of trial counsel.  Petitioner also claimed that he received ineffective appellate assistance from Guttlein.  On this subject the petitioner stated:

> Counsel Guttlein was aware of this error he research the issues and review the entire record, he knew that the drug quantity error is a Booker error, that the wrong computation and addition of unreliable information by PSI was appealable.  But didn't consulted with petitioner

- 2 -

> for development of issues for appeal. . . .  After
> my case was remand under <u>Crosby</u> by the
> Second Circuit, Counsel abandon me and up to
> now I have no communication with him.

The motion contained the further statements:

> Counsel for appeal was also ineffective
> because he didn't communicate with me and
> didn't develop issues for appeal with me, that's
> why the drug quantity issue and the pimentel
> letter ambiguity was never presented on appeal.

> Counsel Jorge Guttlien just argue for
> appeal the 5K2 denial and a Booker error base
> on Crosby, but didn't argue the Booker error
> base on drug quantity, never accepted by
> Petitioner at guilty plea, nor found by a Jury.
> Therefore, both Counsels were ineffective and
> Petitioner was prejudice.   Sentence should be
> vacated.

On September 11, 2007, the court denied the § 2255 motion,

focusing on petitioner's primary claim that his trial counsel had been

ineffective.

> Petitioner's  main  argument  is  that  he
> should have been sentenced on the basis of 62
> grams of crack cocaine whereas the Guideline
> calculation was made on the basis of 62 grams
> of  crack  cocaine  plus  other  quantities  of
> narcotics.  Petitioner contends that his counsel
> was ineffective in various ways in allowing this
> to  happen,  including  the  failure  to  demand  a
> <u>Fatico</u> hearing.  Petitioner also claims that his
> attorney improperly failed to bargain with the
> prosecutor for minor role treatment.  Petitioner
> contends that his counsel then assured him that
> he  would  argue  for  minor  role  treatment  at
> sentencing but did not do so.

> None of these contentions has merit.  As
> the record shows, petitioner first admitted that
> he  had  sold  62  grams  of  crack  cocaine  in

connection with his plea to the substantive count. However, in connection with the conspiracy count, he admitted other transactions beyond the one involving the 62 grams, although he did not specify the quantity involved in these other incidents.

At the sentence there was an extensive discussion of the issue of quantity. Petitioner had had proffer sessions with the Government, which resulted in the "safety valve" being applied to petitioner, which relieved him of having to serve a minimum of 10 years in prison. In the proffers petitioner admitted to drug transactions involving 125 grams of crack cocaine, 6 kilos of powdered cocaine, and 140 grams of heroin, and this was described at the sentence hearing. It is these admissions that were used, without objection, as a basis for the Guideline range, with the minimum sentence of 87 months.

As to the claim that petitioner played a minor role, the court will assume that defense counsel did not raise the matter in plea negotiations. And it is true that the issue of minor role under the Guidelines was not raised in connection with the sentence. But there was a discussion of the relationship of petitioner and his two co-defendants at the sentence. Petitioner was the wholesaler, one co-defendant was a retailer, and the other co-defendant provided a storage place for the retailer. This negates any idea that petitioner was playing a minor role, within the meaning of the Guideline.

The court did not address petitioner's claim that his appellate counsel had also been ineffective and had abandoned him after the remand. On November 13, 2007, petitioner appealed. On May 27, 2009, the Court of Appeals remanded the case to this court:

> to address the following claim, which is not discussed in the district court's dispositive decision: whether Appellant's appellate counsel

> provided ineffective assistance in failing to raise
> issues on direct appeal, and in "abandoning"
> Appellant after a remand from this Court
> pursuant to United States v. Crosby, 397 F.3d
> 103 (2d Cir. 2005).

On June 20, 2009, petitioner was deported to the Dominican Republic, upon completion of his prison sentence in the underlying criminal case.

On August 17, 2009, this court received petitioner's "Petition to Enforce a Contract Pursuant to The Title 42 U.S.C. § 1981(A)," seeking to have this court dismiss the conviction and sentence in United States v. Silva, 03 Cr. 276-04 (TPG).  Petitioner bases his claims on contract law and the Uniform Commercial Code ("UCC").  On August 28, 2009, this court advised petitioner that the proper jurisdictional basis for the instant application was 28 U.S.C. § 2255, and construed his August 17 motion as a second § 2255 motion.

## Discussion

Ineffective Assistance of Appellate Counsel

Under the standard set forth in Strickland v. Washington, 466 U.S. 668, 687-88 (1984), a defendant raising a claim of ineffective assistance must show (1) that his attorney's performance "fell below an objective standard of reasonableness" and (2) that prejudice resulted—i.e., "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

The court has earlier quoted the relatively brief portions of the 2007 motion relating to ineffective assistance of appellate counsel. Essentially, petitioner is arguing that the appellate attorney failed to raise on appeal the points that he says should have been raised at the trial court level in connection with his sentence following his guilty plea. These points relate to the quantity of crack cocaine and to petitioner's alleged minor role.

In the September 11, 2007 opinion dismissing the motion, the court dealt at length with the issues regarding quantity of narcotics and the claimed minor role. The court found that there was no merit in petitioner's claims that the sentence was based on an excessive quantity of narcotics and no merit in the claim that petitioner played a minor role in the offence. Thus, there was no valid claim of ineffective assistance of counsel at the trial court level.

Similarly, there is no substance in the claim that petitioner was denied the effective assistance of appellate counsel. Failure to raise the meritless claims just described did not deprive petitioner of arguments on appeal which would have resulted in a reversal of the sentence.

As to the claim that appellate counsel was ineffective for abandoning him after the Crosby remand, it is clear from the record that petitioner was in contact with appellate counsel after the Crosby remand. Petitioner himself admitted his contact with Guttlein in a letter to the court on March 28, 2006. In any event there is no showing of any

arguments or any activity which Guttlein should have taken on the remand or which would have resulted in a different sentence.  Petitioner has now completed serving his prison sentence.

Accordingly, petitioner has failed to state a claim for ineffective assistance by Guttlein either on appeal or on the remand.

Second Motion

A prisoner may file one § 2255 motion in the district court challenging the constitutionality of his conviction.  Should a prisoner seek to file any further applications regarding that conviction, he must first seek permission to do so from the Court of Appeals.  28 U.S.C. § 2244(b)(2).  As petitioner did not move in the Court of Appeals for authorization in filing his second motion, the court must transfer the motion to the Court of Appeals for such a determination.  Torres v. Senkowski, 316 F.3d 147, 151 (2d Cir. 2003).  The district court is precluded from reaching the merits of the motion without authorization. Corrao v. United States, 152 F.3d 188, 191 (2d Cir. 1998).

**Conclusion**

For the foregoing reasons, the first § 2255 motion is now denied again following the remand of such motion.  The second § 2255 motion is transferred to the Court of Appeals for an assessment of certification under 28 U.S.C. § 2244(b).

Because Silva has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.

- 7 -

- 8 -

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal

from this order would not be taken in good faith.

SO ORDERED.

Dated: New York, New York
August 17, 2011

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/17/11

Thomas P. Griesa
U.S.D.J.

- 8 -